### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONYA MELENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No.  03-462-cv-MJR |
| | ) |
| WHITE COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for summary judgment (Doc. No. 13). In this § 1983 action for damages, plaintiff challenges the conditions of her pre-trial detention in the White County jail, claiming that she was harassed and deprived of medication and personal items (Doc. Nos. 1, 5). The motion is unopposed.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

State pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment, which prohibits the State from punishing detainees prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard set by the Fourteenth Amendment is very close to that set by the Eighth Amendment, which forbids deliberate indifference to basic human

needs. *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir.1999). Detention that interferes with a person's desire to live comfortably and free from restraint is not unconstitutional. *Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir.1999).

The evidence on file shows that plaintiff was received by the White County Jail on November 26, 2002. She was processed by Ralph Hall, who detained her on a warrant issued for the arrest of Tonya Crockett. Hall detained plaintiff for approximately seventeen minutes before releasing her on bond. During this time, plaintiff made no physical complaints; sought no medical assistance, medical treatment or medication; and demonstrated no need for such assistance. She had no contact with defendant Billie Blazier Smith, who did not work at the White County Jail at that time.

Statute of Limitations. The defendants may be arguing that plaintiff's due process claim is barred by the applicable statute of limitations. Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). Such claims are governed by the two-year statute of limitations applicable to personal injury actions in Illinois. 735 Ill. Comp. Stat. 5/13-202; *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir.2004).

Plaintiff filed her Complaint on July 10, 2003. Because she initiated her claim within two years of the date she was detained, any statute of limitations defense should be rejected.

Deliberate Indifference. White County Jail argues that the facts could not support a finding that jail personnel were deliberately indifferent to plaintiff's serious medical needs. A jail official acts with deliberate indifference when he or she knows about inhumane conditions of confinement and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994). In order to succeed on her § 1983 claim against White County Jail, plaintiff must prove that the jail embraced an unconstitutional policy or custom. *Monell v. Dep't of Soc. Servs.*,

436 U.S. 658, 691-92 (1978). Because no facts suggest that White County Jail adopted a policy of disregarding inhumane conditions of detention, this defendant is entitled to judgment in its favor.

Defendant Blazier argues that he was not deliberately indifferent to plaintiff's health or safety.  Because no facts suggest that this defendant had any conduct affecting the nature of plaintiff's detention, Blazier's involvement in a constitutional deprivation has not been proved.  *See Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir.1994)(An official is personally involved if the conduct causing a constitutional deprivation occurs at his direction or with his knowledge and consent).

IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. No. 13) be GRANTED.  Judgment should be entered in favor of the defendants and against the plaintiff.

**SUBMITTED:**  <u>July 7, 2005</u>  .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
